IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

TARA GANDY, ACTING ON BEHALF OF
THE WRONGFUL DEATH BENEFICIARIES
OF JOSLIN NAPIER, DECEASED                                    PLAINTIFFS

versus                                    Civil Action Number:  2:24-cv-2-KS-MTP

BOARD OF ALDERMEN OF THE
TOWN OF WAYNESBORO MISSISSIPPI IN THEIR OFFICIAL CAPACITIES,
THE BOARD OF SUPERVISORS OF WAYNE COUNTY, MISSISSIPPI, IN
THEIR OFFICIAL CAPACITIES; WAYNESBORO POLICE DEPARTMENT,
WAYNE COUNTY SHERIFF'S DEPARTMENT AND JOHN DOES 1-10

DEFENDANTS

---

### PLAINTIFF'S ORIGINAL COMPLAINT FOR DAMAGES
### (JURY TRIAL DEMANDED)

---

**COMES NOW** Plaintiffs, TARA GANDY, acting on behalf of the Wrongful death

beneficiaries of Joslin Napier, Deceased, through undersigned counsel, and files this her Complaint,

and respectfully shows this Honorable Court the following, to-wit:

### I. PARTIES

A.      Plaintiff, Tara Gandy, is an adult resident citizen of Wayne County, Mississippi.

B.      Defendant, THE BOARD OF ALDERMEN OF THE TOWN OF WAYNESBORO, IN

THEIR OFFICIAL CAPACITY OR THE TOWN OF WAYNESBORO, is a political

subdivision under section 11-46- 1 of the Mississippi Code Annotated, as amended

who may be served through by delivering a copy this Complaint to the Town or

Municipal Clerk of Waynesboro, MS.

C.      Defendant, THE TOWN OF WAYNESBORO POLICE DEPARTMENT, is a political

subdivision under section 11-46- 1 of the Mississippi Code Annotated, as amended who may be served through by delivering a copy this Complaint to the Town or Municipal Clerk of Waynesboro, MS.

D.      Defendant, THE BOARD OF SUPERVISORS OF WAYNE COUNTY, MS, IN THEIR OFFICIAL CAPACITY OR WAYNE COUNTY, MISSISSIPPI, is a political subdivision under section 11-46- 1 of the Mississippi Code Annotated, as amended who may be served through by delivering a copy this Complaint to the Chancery Clerk of Wayne County, Mississippi.

E.      Defendant, WAYNE COUNTY SHERIFF AND/OR WAYNE COUNTY SHERIFF'S DEPARTMENT, is a political subdivision under section 11-46- 1 of the Mississippi Code Annotated, as amended who may be served through by delivering a copy this Complaint to the Chancery Clerk of Wayne County, Mississippi or to the Sheriff of Wayne County, MS.

F.      DEFENDANTS, JOHN DOES 1-10, are persons and/or entities whose identities are currently unknown to the Plaintiffs. These persons and/or entities include, but not limited to, any and all persons who are liable to Plaintiffs for the actions and/or inactions complained of herein.

## II. JURISDICTION AND VENUE

1.      This is a civil action under 42 U.S.C. § 1983 seeking damages and injunctive relief against Defendants for committing acts, under color of law, with the intent and for the purpose of depriving the Plaintiffs of rights secured under the Constitution and laws of the United States; and for refusing or neglecting to prevent such deprivations and denials to the Plaintiffs.

2.      This case arises under the United States Constitution and 42 U.S.C. Sections 1983,

1985, 1988, 2000 as amended. This Court has jurisdiction in this matter pursuant to 28 U.S.C. Sections 1331 and 1343. The declaratory and injunctive relief sought is authorized by 28 U.S.C. Sections 2201 and 2202, 42 U.S.C. Section 1983 and Rule 57 of the Federal Rules of Civil Procedure.  Further, this court has subject matter jurisdiction over certain state claims that gave rise to this civil action.

3.    This Court has personal jurisdiction over the Defendants since the Town of Waynesboro, Mississippi and/or Wayne County, Mississippi are political subdivisions in Wayne County, Mississippi.

4.     Venue is proper in the United States District Court for the Southern District of Mississippi, Eastern Division, pursuant to 28 U.S.C. § 1391(b)(1) , since the Defendant, The Town of Waynesboro and/or Wayne County, Mississippi are political subdivisions and regularly conducts its affairs in this judicial district. The actions complained of took place in this judicial district; evidence and records relevant to the allegations are maintained in this judicial district.

### III. NOTICE OF CLAIM

5.    In correspondence dated October 4, 2023, Plaintiff, by and through counsel, caused to be delivered via certified U.S. Mail and/or personal delivery via process server to the Defendants named herein, a Notice of Claim letter regarding the acts (s) and/or omission(s) set forth in 42 U.S.C. section 1983, 42 U.S.C. section 1985, Mississippi Code Ann. Sections 11-46-1 and any applicable state or federal common law cause (s) of action. A copy of said letter, certified returns, process server returns are attached, *marked Group Exhibit "A"* and incorporated herein by reference verbatim. Plaintiffs submit that the Notice of Claim was timely served in accordance with Mississippi law.

## IV. FACTS

6.      Plaintiffs incorporate and restate by reference herein all allegations set forth above.

7.      Plaintiffs show that they are U.S. Citizens and were at the times mentioned herein.

8.      On or about April 12,  2022,  the decedent, Joslin Napier, went to the Municipal Court of Waynesboro, Mississippi and filed a Petition For Domestic Abuse Order alleging Fabian Jones has committed the following abusive acts: **"had been harassing [her] for 3 weeks now, stalking and making threats: [1] 'I am going to to beat you're a\*\*; [2] I am going to kill you; [3] I'm going to burn your trailer down while you sleep; [and [4] One day I'm gone [be] outside you house waiting"** *A copy of said Petition for Domestic Abuse Order is attached marked, Exhibit "B" and incorporated herein by reference.*

9.      That according to paragraph 9 of the Petition for Protective Order, the decedent requested the Court enter a Protection Order granting the following relief:

- •   Prohibit the Respondent from abusing, harassing, stalking, following or threatening in any manner whatsoever, including by electronic means, the person(s) listed in paragraph 1 (a). This also includes the use, attempted use or threatened use of force or physical violence that would reasonably be expected to cause bodily injury.

- •   Prohibit the Respondent from contact with the person(s) listed in paragraph 1(a), either in person, by phone , electronic communication, or through third party…

- •   Prohibit the Respondent from going with certain distance to the persons listed in paragraph 1 (a)..

10.     That on April 12, 2022, Summons was issued and served on Fabian Jones to

appear in the Municipal Court of Wayne County, MS on April 18, 2022. *A copy of said*
*Summons is attached marked Exhibit "C" and Law Enforcement Officer's Return is attached*
*marked Exhibit "D" to this Complaint.*

11.    Later that evening on April 12, 2022, the decedent called 911 to report a burglary
that occurred at her home located at 408 Williams Drive, Waynesboro, MS 39387. According to
Waynesboro Police Department (WPD) Corporal Geoff Payton's New Incident Report (Incident
#20220002737) *attached as Exhibit "E",* Fabian Jones, was arrested for the felony crime,
Burglary-Breaking and Entering Dwelling House.

12.    Plaintiff would show that the decedent gave a very thorough report to the threats
that were made by Fabian Jones on the night in question. The following the Corporal Payton's
summary of description that encounter with decedent from page 3 of the New Incident Report:

> *On April 12, 2022, Corporal Geoff Paton was dispatched to 408 Williams Drive in*
> *reference to a burglary already occurred. Upon arrival, Corporal Paton was met by Ms.*
> *Joslin Napier. Ms. Napier stated that she had left Chance Fabian Jones because she was*
> *tired of the abuse mentally and physically. Ms. Napier stated that her family had helped her*
> *get away from Fabian and helped move her to 408 Wiliams Drive. While talking to Ms.*
> *Napier, Ms. Napier's phone kept ringing and it was a blocked number. Ms. Napier stated*
> *that it was Fabian calling over and over again from a blocked number. MS. Napier went on*
> *to say that she blocked Fabian from calling her from his number and blocked him on social*
> *media sites as well. Ms. Napier then answered the phone at Corporal Paton's request to see*
> *what he had to say. Ms. Napier stated before she answered the phone that Fabian had been*
> *coming to her house on Williams Drive around 3 or 4 a.m. beating on the outside of her*
> *trailer waking her and her child up, and threatening to shoot her, shoot up her home, burn*
> *her home and beat her down, and also that Fabian took her car keys so she could not go*
> *anywhere. Ms. Napier answered the phone and put Fabian on speaker phone so he could*
> *hear what Fabian was saying. Fabian was talking to Ms. Napier and telling her that the*
> *car keys was in her car and she needed to keep everything going on in the streets and not go*
> *to the police. Ms. Napier stated that Fabian apparently knew she was at the police dept*
> *because he had been following her all morning. Ms. Napier stated that Fabian had busted*
> *in her front door and went into the living room where she has her nail salon tables and*
> *equipment setup and flipped the nail salon tables and shelves over. Ms. Napier stated that*
> *none of the TV's in the residence was busted or even touched and that Fabian only*
> *destroyed her only way to make money and that was destroying her business furniture and*
> *accessories. Corporal Paton spoke with Investigator Don Hopkins and explained what had*

*happened and he stated that to advise Ms. Napier not to touch anything and as soon as he comes back in to work the next business day that he will come and dust for prints. Ms. Napier had came to the Waynesboro Police Dept earlier this date and filed a report about Fabian constantly following her and calling her, and making threats to shoot her, beat her up, burn her house down. Ms. Napier also filed a Protection Order against Fabian which was served to Fabian by Deputy Lillian Poole and was advised to be in court on Monday April 18, 2022 to have a hearing on the protection order. Ms. Napier stated that she fears that Fabian will come back to her residence during the middle of the night and do something to her residence, car, or her. Ms. Mapier did state that she did buy a firearm and would not be afraid to use it because she was not going to let Fabian scare her, intimidate her, or hurt her again mentally or physically. no other information at this time.*

13.     That the Plaintiff would further show that while the New Incident Report, Exhibit "E" states that an arrest of Fabian Jones was made on April 22, 2022 for the felony crime of Burglary.   There was no record showing that Fabian Jones was actually arrested and formally charged for the crime of felony Burglary.

14.     That on April 18, 2022, the Honorable Municipal Court Judge, Charles Champman, held a hearing on the Petitioner for Domestic Abuse Protective Order and founder a an Order of Protection -Temporary Domestic Abuse Protective Order was warranted.  Therefore, an Order of Protection-Temporary Domestic Abuse Order was signed.  It is important to notice that according to page 1 or 4 of said Order in all caps and in bold letters was the phrase: **THIS ORDER SHALL BE EFFECTIVE UNTIL 05-08-23.**

15.     That said Order of Protection -Temporary Domestic Abuse Protective Order gave the following injunctive relief:

- Prohibit the Respondent from abusing, harassing, stalking, following or threatening in any manner whatsoever, including by electronic means, the person(s) listed in paragraph 1 (a). This also includers the use, attempted use or threatened use of force or physical violence that would reasonably be expected to cause bodily injury.

Page 6 of  21

- Prohibit the Respondent from contact with the person(s) listed in paragraph 1(a), either in person, by phone , electronic communication, or through third party…

- Prohibit the Respondent from going within 100 yards of the protected person to include place of employment, school…

16.   That the on April 21, 2022 at approximately 1:36a.m., only 3 days after the Order of Protection was entered, the decedent called 911, and based on WPD Officer Taylor Christian's New Incident Report (Incident No: 20220002961), the decedent called alleging that a felony, Burglary-breaking and entering dwelling house- was again committed by Fabian Jones.  **A copy of said New Incident Report dated 04/21/22 is attached, marked Exhibit "F"** .However, this time, the decedent also alleged at Domestic Violence was committed by Fabian Jones.

17.   That WPD Officer Taylor's incident report, CAD# 2022-00007073, provided a very detailed description of the ongoing threats of violence made by Fabin Jones to the decedent on that night, as follows:

| | INCIDENT #: 20220002961 | Page 4 of 4 |
|---|---|---|
| **Narrative(s)** | | 2 Results |

| #1 | | |
|---|---|---|
| Title : | | Officer Christian Taylor Initial Report |
| Date : | 4/22/2022 5:02:00 AM   Name : | Christian Taylor |

Case# 20220002961
CAD Incident# 2022-00007073
Date: 04-21-2022
Time: Approximately 01:36 am

I, Officer Christian Taylor, on the date and time above was dispatched via radio from Central Dispatch to the address of 408 Williams Dr Waynesboro, MS 39367 for a Residential Disturbance. When I arrived, a Joslin Quentara Napier (State ID ████████, SOC ████████, DOB ████████) was standing in her yard. I approached Ms. Napier and asked what had happened. Ms. Napier stated that a Chance Fabian Jones (DL ████████ SOC ████████, DOB ████████) had come to her house and pushed her air conditioner in causing it to hit the floor and pointed a gun through the window stating that he would kill her. MS. Napier stated that she had a protection order against Mr. Jones and had a copy of it with her. Ms. Napier and her child were in the bed where she could see the window. Ms. Napier stated she got out of the bed and went to the front door and could see Mr. Jones walking on the road. Ms. Napier stated that she shot at Mr. Jones from inside her door.
Ms. Napier stated that Mr. Jones drives a 90s model Chevrolet Silverado green in color and a 2021 Nissan Altima dark grey with rims. Myself and Officer Ben Williams began to search the area for any vehicle matching the descriptions given. We were unable to locate a vehicle matching the descriptions. I called Central Dispatch and asked if they could send a Deputy to the residence of 124 Clayborne Jones rd where Mr. Jones lived to see if they could locate the vehicles matching the descriptions. No contact was made with Mr. Jones.

END OF REPORT
Patrolman Christian Taylor
Waynesboro Police Department

*See page 4 of the Exhibit "F" for Patrolman Taylor's narrative report.*

18.     On the following day, Investigator Shawn Gray, WPD 4, went to the decedent's

home to get a more detailed statement from the decedent and to collect evidence from her home.

| **#2** | |
|---|---|
| **Title :** | Investigator S.Gray Investigation Report |
| **Date :**                5/5/2022 11:53:00 AM   **Name :** | Shawn Gray |

On 04/22/2022 at approximately 1045hours I, Investigator Shawn Gray WPD 4 arrived to the address of 408 Williams Drive, Waynesboro MS 39367 for a Follow-up. Upon my arrival I met Ms. Joslin Napier, B/F, DOB:▮▮▮▮▮▮, AGE: 25, SSN:▮▮▮▮▮▮, OLN:▮▮▮▮▮▮, Address: 804 Williams Drive, Waynesboro MS 39367, Phone Number: 601-▮▮▮ ▮▮▮ who stated that Mr. Chance Fabian Jones, B/M, DOB:▮▮▮▮▮; AGE: 30, SSN:▮▮▮▮▮▮OLN:▮▮▮▮▮▮, Phone Number: 601▮▮▮▮▮ Address: 124 Claiborne Jones Road, Waynesboro MS 39367 had came to her home round or about 0300hours at the residence of 804 Williams Drive, Waynesboro MS 39367 and attempted to break and enter into her residence. Jones forced the Window Air-Conditioned Unit that was located in the window on the left side of the residence into the inside of the Mobile Home causing damages to the walls of the Mobile Home. Jones also attempts to make entry into the home by entering through the window brandishing a firearm the he aimed at Napier and her son while they were in bed and said to her " BITCH I WILL KILL YOU". Immediately after Jones notice that Napier had a firearm in her hand for protection Jones fled away from the residence running down the roadway. Also I, Investigator Gray collected ("XO" SOLAR NAIL LIQUID) evidence from the home that was used to damage a Mattress Comforter that was to cover her bed in her bedroom.                                    .
///////////////// NOTHING FOLLOWS /////////////////

Shawn Gray WPD 4
Investigator
Waynesboro Police Department

*See page 4 of the Exhibit "F" for Detective Gray's narrative report*

19.     **Apparently, WPD's Officer never arrested Fabian Jones on the felony of**

**Burglary based on the eyewitness statement or report the victim, Joslin Napier.**   In fact,

under the Incident Details on Officer Taylor's New Incident Report, the status continues to show

"Open" as of December 8, 2023.   Further, on page 3 of the New Incident Report, Officer Taylor,

notes **"has court Protection Order signed against him. Has violated Order.**   But still no

arrest was made.

See notation of Officer Taylor's notation regarding violation of Protective Order below:

INCIDENT #: 20220002961                                          Page 1 of 4

## Waynesboro PD

### New Incident Report Template

| Incident Details | | | |
|---|---|---|---|
| Incident # : | 20220002961 | Reporting Officer : | Taylor, Christian |
| Date Entered : | 4/22/2022 4:37:30 AM | Cleared Exceptionally : | No |
| Status : | Open | Location : | 408 Williams Drive Waynesboro MS 39367 |
| Occurence Date : | 4/21/2022 01:36 - 4/21/2022 02:39 | | |
| Incident Description : | | | |
| Disturbance Residential | | | |

20.     According the narrative section on page 4 of Officer Taylor's New Incident Report, **"she was told by Corporal Payton and Judge Chapman that if we run across Mr. Jones he is to be picked up and taken into custody for violating the protection order.**

21.     That on May 13, 2022, based on Officer Christian Taylor's New Incident Report (Incident No. 20220003549) dated May 16, 2022, she encountered Fabian Jones and arrested him for alleged violation of a protective Order. ***See attached a copy of the New Incident Report dated May 16, 2022, marked Exhibit "G"***.

22.     That the Plaintiff would show based on WPD Corporal Geoff Payton Main Incident Report (Incident No. 20220004171, dated 06/08/22) that on June 6, 2022, Fabian Jones was charged with Aggravated Domestic Violence for conduct against the decedent, Joslin Napier, on June 6, 2022. ***See a copy of the Main Incident Report dated June 8, 2022 attached, marked Exhibit "H"***.

23.     According to Corporal Geoff Payton's narrative on page 3 of said report:

> On 08-08-2023, Corporal Geoff Patton and officer Neal Street was dispatched to 408 Williams Dr. in reference to what the caller called in as a stalker. Upon arrival Corporal Paton made contact with Ms. Joslin Napier who was sitting in the front driver seat of a white car holding her head. Corporal Paton asked Ms. Napier what had happened? Ms. Napier stated that Fabian Jones came to her address and saw that another male subject was sitting in the front seat of the vehicle that Joslin was sitting in about to go to Laurel to get this guys vehicle, and Fabian had opened the driver door and snatched her out of the car, Ms. Napier went onto to say that she then pulled her gun out because of being scared of him because of the past physical, mental and emotional abuse that she sustained from Fabian. Ms. Napier stated that Fabian grabbed her gun, and they tussled over the gun and he tried to turn the gun around while her finger was on the trigger, and attempted to have her shoot herself. Ms. Napier went onto say that Fabian had dropped his gun a Glock pistol and the back of the handle had fell off upon hitting the ground. Ms. Napier went on to say that Fabian had her Ruger Pistol and struck her on the head two times and threw her to the ground where he began to stomp her head with steel toe boots on. Ms. Napier stated that some of the friends standing around pulled Fabian off of her and Fabian took, off, and was later picked up at his residence at 124 Claiborne Jones Rd by Deputy Lillian Poole and Deputy Brian Everett and transported to the Wayne County Jail. Wayne General was called earlier in the call to come access the wounds on Ms. Napier, and refused to go to the ER, but advised that she would go later. No other information at this time.

24.     That on June 6, 2022, the Plaintiff would show that Fabian Jones was arrested for Aggravated Domestic Violence for additional action violence acts towards Joslyn Napier.

25.     On August 27, 2022, based on WPD Officer Taylor's New Incident Report (Incident No. 20220006596), she encountered Fabian Jones and arrested him for violation of the existing Domestic Abuse Order only but never arrested him the Burglary that alleged on or about April 21, 2022, bearing incident report number 20220002961.

26.     On that October 4, 2022, the Plaintiff would show that Fabain Jones violently burglarized the home of Josyln Napier and violently took her life.  The Plaintiff would show that that on October 4, 2022, Fabian Jones was arrested and charged with Murder, Aggravated Domestic Violence, and Burglary.

27.     On October 6, 2022, the Wayne County Justice Court Judge Charles Chapman entered an Order Revoking Bond referencing Article 3, Section 29 (2) of the Mississippi Constitution, which states:

*(2) If a person charged with committing any offense that is punishable by death, life imprisonment or imprisonment for one (1) year or more in the penitentiary or any other state correctional facility is granted bail and (a) if that person is indicted for a felony committed while on bail; or (b) if the court, upon hearing, finds probable cause that the person has committed a felony while on bail, then the court shall revoke bail and shall order that the person be detained, without further bail, pending trial of the charge for which bail was revoked. For the purposes of this subsection (2) only, the term "felony" means any offense punishable by death, life imprisonment or imprisonment for more than five (5) years under the laws of the jurisdiction in which the crime is committed. In addition, grand larceny shall be considered a felony for the purposes of this subsection.*

28.     Notwithstanding, the Plaintiff would show, based on Waynesboro PD's records, that Fabian Jones alleged committed at least 4 felonies in 2022 prior to the Napier's death, as follows:

- April 12, 2022, Burglary of a Dwelling (Incident No. 20220002737)

  - **Arrested and released without a bond**

- April 22, 2022 Burglary of Dwelling (Incident No. 20220002961)

  - **No Arrest**

- April 22, 2022-Burglard of Dwelling (Incident No. 20220002991)

  - **No Arrest**

- June 6, 2022-Aggravated Domestic Violence (Incident No. Unknown)

  - **Arrested and Bond: $50,000.00**

**OCTOBER 4, 2022-MURDER, BURGLARY, AND DOMESTIC ASSUALT**

29.     That the Plaintiff would show that all four (4) of the previous felony charges were offenses punishable by imprisonment of five (5) or more years under Mississippi criminal law.

30.     Moreover, the Plaintiff would show that same Waynesboro Police Department

Officers, Geoff Payton, Christian Taylor, Don Hopkins, Jerome Jackson, Holt Ross, and/or Shawn Gray,   were directly involved, followed -up; investigated, and/or approved the incident reports that were created due to the reports of Josyln Napier.

31.    Further, the Plaintiff would show that the Waynesboro Police Department Officers had Fabian Jones is its custody several times throughout the relevant periods of time due to reports made by Joslyn Napier and they failed or refused to arrest him to many felonies alleged by the decedent.

32.    That the Plaintiff would show that this was coupled with WPD's encounters with Fabian Jones due to violations of the court order against Joslyn Napier.

33.    That the Plaintiff would show that but for the egregious failure of Defendant Waynesboro Police Department or Town of Waynesboro, MS to timely arrest Fabian Jones for the felony burglaries that occurred in both April 2022 and May 2022 and the WPD failure to timely set a trial schedule for Fabian Jones' alleged violations on the Protective Order dated April 12 and April 18, 2022.

34.    That Plaintiff would show the decedent consistently reported that Fabian Jones wanted to kill her.

## VI. VIOLATION OF PROCEDURAL AND SUBSTANTIVE DUE PROCESS RIGHTS CAUSING A "STATE CREATED DANGER"

47.    The foregoing allegations are incorporated as if re-alleged herein.

48.    That the Defendants acted recklessly, intentionally and with callous disregard and/or indifference for Plaintiffs' clearly established constitutional rights.

49.    That the Defendants failures to act, as explained above, caused an obvious danger to the decedent.

50.     Plaintiff would show that the Defendant WPD officers, exercising their position of authority and acting under the color of state law in their capacity as a public official and/or representative of the City of Waynesboro, failure to arrest, follow-up, investigated, detain  Fabian Jones for the many allegations of burglary during the several months prior to her death.

51.     In committing or failing to commit the acts complained of herein, Defendants acted under color of law to deprive Plaintiffs of certain constitutionally protected rights under the Fourth and Fourteenth Amendments to the Constitution of the United States including, but not limited to:

(a.) the right to be free from unreasonable searches and seizures;

(b.) the right not to be deprived of life without due process of law;

(c.) the right not to be deprived of liberty without due process of law;

(d.) the right to be free from excessive force; and

(e.) the right to reasonable medical treatment.

52.     The facts pled above demonstrate a violation of the plaintiffs' procedural and substantive due process rights.

53.     The acts and/or omissions of the Defendants violated Plaintiffs' rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

54.     The actions of Defendant WPD officers shock the conscience and were objectively unreasonable in light of the totality of circumstances.

55.     As a direct and proximate result of the violation of their constitutional rights by the Defendants, Plaintiffs suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C. § 1983, along with attorneys' fees and costs pursuant to

U.S.C. § 1988.

## VII. UNCONSTITUTIONAL FAILURE TO TRAIN AND SUPERVISE

56.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Amended Complaint as is set forth herein in their entirety.

57.     The City of Waynesboro, Mississippi, the Aldermen, Mayor and Chief of Police all in their individual capacity had a duty to adequately train, supervise, and evaluate its Officers Geoff Payton, Christian Taylor, Don Hopkins, Jerome Jackson, Holt Ross, and/or Shawn Gray, or to see that it was done.

58.     These Defendants were deliberately indifferent to the rights of the public in general, and to the Plaintiff s in particular by failing to attend to these duties. The harm caused by this failure was easily foreseeable.

59.     These Defendants deliberate indifference make them liable for the actions of WPD Officers blatant disregard for the Plaintiffs' constitutional rights.

60.     Defendants breached their duties when they failed to adequately train, supervise and/or evaluate Defendant Geoff Payton, Christian Taylor, Don Hopkins, Jerome Jackson, Holt Ross, and/or Shawn Gray in the areas of use of investigation, arrest, bond, search and seizure, arrest procedure, and recognizing the need for, and the ability to provide, minimal emergency medical care, which were the direct cause of the injuries and death to Joslyn Napier.

61.     It was foreseeable that the failures to adequately train, supervise, evaluate and discipline Geoff Payton, Christian Taylor, Don Hopkins, Jerome Jackson, Holt Ross, and/or Shawn Gray, who exhibited blatant and deliberate disregard for constitutional rights of

Mississippi citizens would cause injury or death to those citizens.

62.     As a direct and proximate result of the violation of their constitutional rights by the Defendants, Plaintiffs suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C. § 1983 and/or Mississippi Tort Claim Act, along with attorneys' fees and costs pursuant to U.S.C. § 1988 and any other relief afforded under the law.

## VIII.  INTENTIONAL  INFLICTION OF EMOTIONAL DISTRESS

## RECKLESS DISREGARD FOR THE SAFETY OF OTHERS

63.     The foregoing allegations are incorporated as if re-alleged herein.

64.     Defendants intentionally, deliberately, and in reckless disregard for the safety and well being of any person inflicted emotional distress on Plaintiffs by violating Plaintiff's constitutional rights, or knew or should have known that emotional distress was the likely result of their conduct.

65.     Defendant Geoff Payton, Christian Taylor, Don Hopkins, Jerome Jackson, Holt Ross, and/or Shawn Gray's conduct, that was an act of reckless disregard for the safety of Sander, generally, and the Plaintiffs' specifically, perpetrated upon Joslyn Napier was awful, traumatic, and disturbing events, which caused the Plaintiffs to suffer serious emotional anguish.

66.     Defendants conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community.

67.     The actions of the Defendants were the cause of Plaintiffs' distress.

68.     Plaintiffs are reasonable persons.

69.     The emotional distress sustained by the Plaintiffs were severe and of a nature that no

reasonable man could be expected to endure.

70.     As a result of the Defendants' extreme and outrageous conduct, Plaintiffs were, are, and, with a high degree of likelihood, will continue to be emotionally distressed for some time in the future.

71.      Defendants The Town of Waynesboro, The Board of Alderman, and Waynesboro Police Department are liable under the doctrine of respondeat superior.

72.     As a result of the Defendants' extreme and outrageous conduct, Plaintiffs has suffered and will continue to suffer mental pain and anguish, severe emotional trauma, embarrassment, and humiliation.

73.     Plaintiffs demands judgment against all Defendants, jointly and severally, for actual, special, compensatory and punitive damages in an amount deemed at time of trial to be just, fair, and appropriate.

## IX.   VIOLATION OF CIVIL RIGHTS PURSUANT TO TITLE 42 U.S.C. SECTION 1983 (FAILURE TO IMPLEMENT APPROPRIATE POLICIES, CUSTOMS, AND PRACTICES)

74.     The foregoing allegations are incorporated as if re-alleged herein.

75.     Defendants The Town of Waynesboro, The Board of Alderman, and Waynesboro Police Department, implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices.

76.     Defendants The Town of Waynesboro, The Board of Alderman, and Waynesboro Police Department, implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices of allowing employees of the Waynesboro Police Department to "pick and choose" when to arrest certain people in the Wayne County community for certain felonies

against certain victims that caused the death of Joslyn Napier and the emotional harm to the Plaintiffs.

77.     The failure of the Defendants The Town of Waynesboro, The Board of Alderman, and Waynesboro Police Department amounts to deliberate indifference to the rights of the Plaintiff to be free from excessive force and unreasonable seizures under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, more specifically, the right to be free of any conduct that "shocks the conscience" or "offends the community sense of fair play and decency".

78.     The failure of the Defendants the Town of Waynesboro, The Board of Alderman, and Waynesboro Police Department amounts to deliberate indifference to the rights of the Plaintiffs to be free from excessive force and unreasonable seizures under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

79.     As a result of this deliberate indifference to the Plaintiffs' rights, the Plaintiffs suffered personal injuries and are entitled to relief under 42 U.S.C. §1983.

80.     In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiffs as alleged herein of certain constitutionally protected rights.

## X. DELIBERATE INDIFFERENCE

81.     Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as is set forth herein in their entirety.

82.     Defendant City of Waynesboro, Defendant Waynesboro Police Department, and other Defendants have created an atmosphere of tolerance regarding willful, wanton, and improper behavior of its officers that has resulted in a reputation of excessive use of force and

violent behavior in the community causing citizens to be fearful for their safety and well-being.

83.    Through their acts and omissions they are engaging in a pattern of practice of systemic deficiencies that has resulted in excessive force by Waynesboro Police Officers depriving Citizens of rights, privileges, and immunities secured or protected by the U.S. Constitution, the laws of the United States and the Mississippi Constitution.

84.    These systemic deficiencies include, but are not limited to:

(a.) failing to implement policies, procedures and practices regarding the arrest and

enforcement of crime and how to appropriately guide and monitor the actions of

Waynesboro Police Officers;

(b.) failing to train Waynesboro Police officers adequately to prevent the occurrence of

misconduct;

(c.) failing to supervise Waynesboro Police Officers adequately to prevent the

occurrence of misconduct;

(d.) failing to give adequate emergency medical training to Waynesboro Police

Officers;

(e.) failing to adequately investigate incidences of clear failures to arrest indiscriminately

certain accused of felonies in committed in the Waynesboro jurisdiction.

(f.) failing to adequately discipline officers who engage in misconduct;

(g.) failing to maintain proper arrest procedures regarding Citizens.

85.    As a direct and proximate result of the violation of their constitutional rights by the Defendants, Plaintiffs suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C. § 1983, along with attorneys' fees and costs pursuant to U.S.C.

§ 1988.

## XI. DAMAGES

94.     Plaintiff re-alleges and incorporates the foregoing allegations of this Complaint as if set forth herein in their entirety.

95.     Wherefore the Plaintiffs, TARA GANDY, individually and acting as paternal grandmother and next friend of the statutory wrongful death heirs of Joslyn Napier. Plaintiffs, prays for judgment against Defendants, as follows:

(a.) For damages to be determined by the jury, in an amount exceeding the jurisdictional amount of this Court, and adequate to compensate Plaintiffs for all the injuries and damage sustained, including but limited to pain and suffering, loss of income, all cost and expenses of the Plaintiff related to loss of enjoyment of loss, and any other damages to which the Plaintiffs are entitled to recover under the facts and law of this case;

(b.) For all general and special damages caused by the alleged conduct of Defendants;

(c.) For the costs of litigating this case;

(d.) For punitive damages for violation of federal constitutional rights against all of the Defendants in their individual capacities sufficient to punish Defendants for their egregious conduct and to deter Defendants from ever repeating such atrocities; and

(e.) For all other relief to which Plaintiffs assert are entitled by Mississippi and Federal law.

(f.) Plaintiffs reserve the right to amend and state further with respect to their damages.

## XII.  RIGHT TO AMEND PURSUANT TO MISS. AND FEDERAL R. CIV. P. 15

96.     Pursuant to Rule 15 of the Mississippi and Federal Rules of Civil Procedure, Plaintiffs reserve the right to name additional Defendants should later facts establish that others are

liable herein.

## XIII. REQUEST FOR RELIEF

**WHEREFORE, PREMISES, CONSIDERED,** Plaintiffs demand judgment that upon a trial that this Court grant the following relief unto the Plaintiffs:

1.      Compensate Plaintiffs for loss of income, litigation expenses including attorney and expert fees, loss of reputation, humiliation, embarrassment, inconvenience, mental and emotional anguish and distress and other compensatory damages, economic, non-economic, exeplemary, pre and post judgement interest, cost of Court and punitive damages in an amount to be determined by a jury and the Court

2.      Award Plaintiffs the cost and disbursement of this action, including reasonable attorney and expert fees pursuant to 42 U.S.C. section 1988 (b) and (c) .

5.      Further, grant any and all relief, general and special, as would be proper in premises.

## DEMAND FOR JURY TRIAL

**Plaintiff request a jury trial for all claims and issues asserted by this action**.

**RESPECTFULLY SUBMITTED**, this the 8th  day of January, 2024.

> **TARA GANDY, INDIVIDUALLY, AND**
> **ACTING AS PATERNAL GRANDMOTHER**
> **AND NEXT FRIEND OF THE STATUTORY**
> **WRONGFUL DEATH BENEFICIARY**
>
> By:      /s/ Joseph A.Denson                          
> **JOSEPH A. DENSON, ATTORNEY**
> **FOR PLAINTIFF**

**Submitted to this court  by:**
**Joseph A. Denson, MBN 101910**
**DENSON AND ASSOCIATES, PLLC**
**Post Office Box 5022**
**Meridian, MS 39302-5022**
**Phone: 601-693-5400**
**Fax: 601-693-5983**
**jdenson@densonandassociates.com**

**ATTORNEY FOR PLAINTIFFS**